IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JO ANN SANDOVAL | § | |
| | § | |
| V. | § | Civil Action No. 5:20-cv-00051 |
| | § | |
| BBVA, USA | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, BBVA USA ("**BBVA**" or "**Defendant**"), files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and would respectfully show the Court the following:

### STATE COURT ACTION

1. On or about January 6, 2020, Plaintiff, Jo Ann Sandoval ("**Plaintiff**"), filed her Original Petition, Application for Injunctive Relief, and Request for Disclosures ("**Petition**") in the matter styled Cause No. 2020-CI-00187; *Jo Ann Sandoval vs. BBVA, USA*, in the 288th Judicial District Court of Bexar County, Texas (the "**State Court Action**"). *See* Exhibit C-1.

2. Defendant has not been formally served with the Petition; therefore, this action is being removed less than 30 days following service of the Petition filed in the State Court Action and less than 30 days after Defendant appeared in the State Court Action. Accordingly, removal is timely under 28 U.S.C. § 1446(b).[1]

### PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal.

4. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

---

[1] *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

**STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE**

5. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1331. That statute provides, in pertinent part, that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for Federal Question jurisdiction.

**BASIS FOR REMOVAL**

**A.   Federal Question Jurisdiction**

6. Removal is proper because Plaintiff's suit involves a federal question.[2] A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[3] Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights."[4]

7. Among other claims, it appears Plaintiff is alleging violations of Real Estate Settlement Procedures Act ("**RESPA**"), 12 U.S.C. §§ 2601-2617, and violations of unnamed provisions and/or regulations of the Consumer Financial Protection Bureau.[5] Plaintiff's claims

---

[2]   28 U.S.C. §§1331, 1441(b); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).
[3]   See *Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).
[4]   *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).
[5]   *See* Petition at ¶¶ 8, 17-19.

arise under the laws of the United States of America, the United States District Court has original jurisdiction, and removal is appropriate.

8. Additionally, this Court should also exercise supplemental jurisdiction over all claims because they are so related to the federal claims that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplement jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction."[6]

## NO JURY DEMAND

9. Plaintiff has not made any known jury demand in the State Court Action.

## CONCLUSION

10. For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

By: /s/ *William P. Huttenbach*
William P. Huttenbach
Southern District of Texas I.D. No. 21742
State Bar No. 24002330
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
713-223-5181
713-223-9319 Fax
phuttenbach@hirschwest.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, BBVA USA**

---

[6] *Exxon Mobil Corp. v. Allpattah Servs., Inc.*, 545, 558 (2005).

OF COUNSEL:

Kristina L. Cunningham
State Bar No. 24049712
Southern District of Texas I.D. No. 3101941
Yusuf S. Ansari
State Bar No. 24105047
Southern District of Texas I.D. No. 3321478
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002
713-223-5181 Main
713-223-9319 Fax
kcunningham@hirschwest.com
yansari@hirschwest.com

**CERTIFICATE OF SERVICE**

On January 14, 2020, a copy of the foregoing document was electronically served through the court's CM/ECF System and via e-mail:

> Robert C. Newark, III
> A Newark Firm
> 1341 Mockingbird Lane, Ste 600W
> Dallas, TX 75247
> office@newarkfirm.com
> ***Via E-Service and Email***

> > */s/ William P. Huttenbach*
> > William P. Huttenbach

4